# CIRCUIT COURT OF ROCKINGHAM COUNTY

Latitude Properties, Inc.

v.

Elizabeth Shifflett
and Rodney Shifflett

Case No. CL 16-272

Shen Valley Band
Instrument Service, Inc.

v.

Cassandra Deane

Case No. CL 16-259

May 13, 2016

BY JUDGE THOMAS J. WILSON, IV

This matter came before the Court on Defendants' Motions for Summary Judgment. The Court heard oral argument on the motions on May 4, 2016, at which time, Plaintiffs' counsel expressed his desire to offer evidence of the defendants' receipt of a tax refund after entry of the General District Court's transfer orders. This Court determined that such evidence was unnecessary. The facts articulated in the Motions for Summary Judgment were not disputed, and the Court had all of the facts necessary to make a summary judgment decision. The Court then took the matter under advisement. After consideration of all pleadings, briefs, and argument of counsel, I now rule as follows.

After full consideration of the applicable law, as well as the fact that a taxpayer has a right to a refund of his or her tax overpayments (in the absence of a statutorily authorized set-off by the government) and need only "ask" for that refund by filing a tax return, it would seem that a taxpayer does hold a vested property interest in his or her future tax refund. Because the taxpayer holds such a property interest in the refund, a lien of *fieri facias* may properly attach under Virginia Code § 8.01-501. Furthermore, it

appears that, in cases such as this, the only way to enforce this lien prior to the taxpayer's receipt of the refund is through a transfer order, as authorized by Virginia Code § 8.01-507.

This conclusion is supported by *In re Sexton*, 508 B.R. 646 (Bankr. W.D. Va. 2016), and *In re Addison*, 2016 U.S. Dist. LEXIS 5739 (W.D. Va. Jan. 19, 2016). These cases address whether a tax refund falls within the bankruptcy estate for purposes of triggering the automatic stay of a bankruptcy proceeding. Both cases ultimately conclude that the taxpayer holds a fixed property interest in his or her tax overpayment as of midnight of December 31st of the year in which the overpayments were made. Though these cases were decided in a bankruptcy context, I find them supportive of the proposition that a taxpayer has some fixed property interest in his or her tax refund, even before that taxpayer files a tax return.

In addition, a plain reading of the clear and unambiguous language of Virginia Code § 8.01-507 leads this Court to conclude that trial courts have the authority to order transfer of "personal estate, tangible or intangible . . . in possession of or under the control of the debtor," such as a tax refund, and that this authority exists regardless of whether a lien attached under Virginia Code § 8.01-501. A tax refund is an intangible "under the control of the debtor," as the debtor makes the ultimate decision on whether to file a tax return. The debtor is the only person that can file the return and "ask" for the refund. Though the government must take the additional step of reviewing the return and its calculations, the calculation of the refund amount is nondiscretionary. Consequently, this additional step taken by the government does *not* transform the taxpayer's right to the refund into a contingent property interest. In fact, the taxpayer has an enforceable right to receive his or her refund if the government improperly withholds those funds.

In the current cases, both defendants held a fixed property interest in their 2015 tax refunds as of midnight of December 31st of 2015. Consequently, the liens of *fieri facias* attached to those funds. Additionally, Virginia Code § 8.01-507 authorized the General District Court to enter the transfer orders, irrespective of that lien.

Accordingly, I grant Summary Judgment in favor of the plaintiffs in each case.